NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3018

ARCHY P. LONDON,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: April 8, 2005

_____

Before SCHALL, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

Archy P. London petitions for review of the final decision of the Merit Systems Protection Board, Docket No. DA-0752-04-0461-I-1, affirming the decision of the United States Postal Service to remove Mr. London from government service. We affirm.

BACKGROUND

Mr. London was a 16-year letter carrier with the Postal Service when he received a warning letter in February 2002 for failure to follow instructions by not advising his supervisor that he would not be able to complete his route on time and by failing to verify his reason for not reporting to work. In April 2002 Mr. London's supervisor

imposed a seven-day suspension when Mr. London did not call his office during a seven-day absence, did not verify his stated reasons for being unable to call during those seven days, and did not advise his supervisor that he would be unable to finish his route on time. In July 2002 Mr. London received another suspension for failure to follow instructions when he did not deliver express mail packages before the delivery deadline. In settlement negotiations regarding that suspension, Mr. London's union representative stated that Mr. London agreed to attend Employee Assistance Program meetings. Mr. London subsequently refused to attend those meetings, stating that he had never agreed to attend the meetings.

On October 16, 2003, Mr. London left his work area a number of times for several minutes at a time and then reported to a supervisor that he was dizzy and that his stomach ached. Mr. London then passed out. An emergency medical service team was summoned to revive him and take him to the hospital. Mr. London was treated at the hospital and the resulting medical report referred to alcohol-related dehydration. The Postal Service contends that the medical report confirmed that Mr. London had passed out partly due to alcohol consumption. Mr. London asserts that the report stated only that "consuming alcohol has that effect." When Mr. London returned with the medical forms releasing him to continue working, his supervisor sent them to a Postal Service medical officer for evaluation. The medical officer would not clear Mr. London to continue working until he completed a fitness-for-duty examination.

Mr. London's supervisor then sent Mr. London a letter advising him that an appointment had been made for him for a fitness-for-duty examination, that he would be reimbursed for the cost of transportation for making the 140-mile trip to the examining

physician's office, that he needed to call his Postmaster and the Health Unit if he was unable to report to the examination, and that failure to attend the examination would result in disciplinary action. On the morning of the examination, Mr. London called the physician's office to cancel and reschedule his appointment. He also claimed that he called the Health Unit to ask that the examination be conducted by a local doctor. He did not call the Postmaster, as the letter instructed.

Following Mr. London's failure to report for the fitness-for-duty examination, his supervisor sent him a Notice of Proposed Removal letter proposing to remove him for "Unsatisfactory Performance – Inappropriate Conduct/Failure to Follow Instructions." The letter contained one charge of failure to follow instructions based on Mr. London's failure to report for the fitness-for-duty examination. The Postmaster subsequently issued a Letter of Decision removing Mr. London from the Postal Service. Mr. London appealed his removal to the Merit Systems Protection Board, and the Board affirmed his removal. This appeal followed.

DISCUSSION

Mr. London first argues that his supervisor lied or changed his story at the hearing before the administrative judge who was assigned to his case. Mr. London alleges that his supervisor admitted in the hearing that he was not present when Mr. London passed out, but that he had earlier stated in an affidavit that he was present at the time.

The affidavit to which Mr. London refers does not contain a statement by the supervisor that he was present when Mr. London passed out. Furthermore, Mr. London has not included a transcript of the allegedly contradictory testimony in connection with

this appeal. To the extent that Mr. London is asking us to reassess his supervisor's credibility, we decline to do so; as we have frequently noted, the responsibility for judging credibility is for the administrative judge and not for a reviewing court. See Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004).

Mr. London makes the related contention that the Board failed to take into account that his supervisor was not present when he passed out at work and therefore could not make a statement about the event. Again, however, Mr. London does not identify any statement in which his supervisor claimed to be present at the time of the event. In the affidavit that Mr. London alleges contains statements contrary to his supervisor's testimony, his supervisor stated that he assessed witness statements regarding the events that occurred on the day Mr. London passed out.

Mr. London also contends that the Postal Service illegally obtained and used two statements from his doctors without his permission. Mr. London earlier admitted, however, that he gave the Postal Service a statement relating to the incident when he passed out so that he could be allowed to return to work. Mr. London does not identify any use of that statement other than for that purpose. Mr. London has failed to explain how the Postal Service improperly obtained or used the second statement. Moreover, he failed to argue to the Board that the statements were improperly used, and he has therefore waived his right to assert those claims on appeal. See Bosley v. Merit Sys. Prot. Bd., 162 F.3d 665, 668 (Fed. Cir. 1998).

Mr. London also alleges that the Board failed to consider his claim that he was prejudiced because Ronald E. Jones represented him in an earlier proceeding, but that Mr. Jones represented the Postal Service in Mr. London's appeal to the Board. Mr.

London, however, fails to point to evidence supporting his contention, and the record indicates that he was unrepresented for all of the proceedings related to his removal. There is therefore no basis in the record for us to conclude that there is any conflict of interest arising from Mr. Jones's representation of the Postal Service in Mr. London's present appeal.

Mr. London next contends that he was wrongfully accused of having an alcohol problem and that he was charged with not attending an EAP meeting. With respect to the meeting, the Notice of Proposed Removal charged Mr. London with failure to follow instructions for not reporting for a fitness-for-duty exam, and while it discussed Mr. London's failure to attend the EAP meeting, it did not charge him with failure to follow instructions because of his failure to attend the meeting. Moreover, Mr. London does not explain why the alleged accusations of alcohol abuse or his failure to attend the EAP meeting resulted in legal error in this case. Accordingly, we uphold the decision of the Board.